**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ROBERT LARRY LYTLE,**
        **Petitioner,**

**v.**                                        **Civil Action No.: 3:20-CV-134
                                               (GROH)**

**WARDEN HUDGINS,**
        **Respondent.**

**REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

On July 29, 2020, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF Nos. 1, 1-1.  Petitioner is currently housed Gilmer FCI.  ECF No. 1.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

## II.    FACTS

### A.  Conviction and Sentence[1]

On January 26, 2017, in the United States District Court for the District of South Dakota, Western Division, an eighteen-count indictment was returned which charged

---

[1] The facts in sections II.A., II.B. and II.C., unless otherwise noted, are taken from Petitioner's criminal case, Case Number 5:17-CR-50020 in the United States District Court for the District of South Dakota, Western Division, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Petitioner and a defendant with conspiracy, criminal contempt, mail fraud, wire fraud, and obstruction of agency proceeding related to the sale of medical devices with false and misleading labeling.  ECF Nos. 1, 2.  A superseding information[2] was filed on January 26, 2018.  ECF No. 176.  Petitioner was charged in Count 1 with conspiracy, in violation of 18 U.S.C. § 371.  Id. at 6.  In Count 2, Petitioner was charged with criminal contempt, in violation of 18 U.S.C. § 401(3).  Id. at 14.  A forfeiture allegation of $16,669,015.00 was filed with the information.  Id. at 16. On the same date the superseding information was filed, a plea agreement and statement of factual basis were also filed and Petitioner entered his guilty plea to the information.  ECF Nos. 178, 179, 183.

On April 20, 2018, Petitioner was sentenced to 60 months of imprisonment on Count 1 and 84 months of imprisonment on Count 2, with those sentences to run consecutively to one another, for a total of 144 months.  ECF No. 263 at 2.

### B.  Appellate and Other Post-conviction Relief

On April 25, 2018, Petitioner filed a notice of intent to appeal.  ECF No. 269. That case was docketed by the United States Court of Appeals for the Eighth Circuit as number 18-1923.  ECF No. 273.  On April 26, 2029, the case and consolidated appeals were dismissed upon Petitioner's motion.  ECF No. 401.

### C.  Motions for Post-Conviction Relief

On April 14, 2020, Petitioner filed a motion for release from custody pursuant to 18 U.S.C. § 3582.  ECF No. 430.

---

[2]  A sealed superseding information was filed as ECF No. 175, and a redacted superseding information was filed as ECF No. 176.

On April 17, 2020, Petitioner filed a motion for relief under the First Step Act. ECF No. 434.   Therein, Petitioner argued that the " 'extraordinary and compelling reasons' presented by the COVID-19 pandemic," merit the "modif[ication of] his judgment to allow the remainder of his sentenced to be served on home confinement." Id. at 1.  Both of those motions remain pending.

**D.      Instant 2241 Petition**

This § 2241 petition[3] was filed on July 29, 2020, Petitioner challenges his conditions of his confinement related to COVID-19.  ECF No. 1.

Petitioner's sole ground for relief is that consistent with the recommendation of the Attorney General he should be released to home confinement for the remainder of his sentence because he is 85 years old, and has health problems unrelated to COVID-19.  ECF No. 1 at 1, 7.  Petitioner concedes that he has sent three electronic inmate requests and a certified letter to Warden Hudgins regarding his claims, but has not yet received a response.  ECF No. 1 at 5.

**III.     LEGAL STANDARD**

**A.      Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see

---

[3]   Although filed on a Court-approved form, the form was not filed in its entirety, missing pages 10 and 11 of the form, which contain space for articulating claims.  ECF No. 1.  Petitioner's articulation of his claim is on a single typewritten page attached to the Court-approved form.  ECF No. 1 at 7.

also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.      Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[4]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### C.     Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

## IV.     ANALYSIS

Petitioner's motion for release to home confinement remains pending in the District of South Dakota.  D.S.D. 5:17-CR-50020, ECF No. 434.   In the instant § 2241 petition, Petitioner seeks release from incarceration to home confinement which is the same relief that he seeks in the sentencing court in South Dakota.   Additionally, Petitioner has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582 in the court of his conviction, which also remains pending.  D.S.D. 5:17-CR-50020, ECF No. 430.  The challenge to Petitioner's sentence is more appropriately considered by the sentencing court and/or in his § 3582 motion both of which are pending in the court of conviction.

It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction over those same matters.  Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to

rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")  Here, the sentencing court already has jurisdiction of the issues presented in this case.

Moreover, it is also clear upon the face of the petition, that Petitioner has failed to exhaust his administrative remedies.  ECF No. 1 at 6.  Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."  McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court.  Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the

case sua sponte.  Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice.  Petitioner has not claimed any excuse for his failure to exhaust. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

The petition clearly states that Petitioner did not exhaust available administrative remedies.  ECF No. 1 at 6.  Because Petitioner has failed to exhaust all administrative remedies available to him, related to his claim that he should be released to home confinement, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not

exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.  **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:       July 31, 2020


/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE