IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ROBERT LARRY LYTLE,**

    Petitioner,

v.                                                  **CIVIL ACTION NO.: 3:20-CV-134
(GROH)**

**WARDEN HUDGINS,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on July 31, 2020. ECF No. 5. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. LR PL P 2. In the R&R, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's § 2241 Petition challenging the conditions of his confinement in relation to the COVID-19 pandemic. The Petitioner timely filed his objections to the R&R on August 28, 2020. ECF No. 9. For the reasons stated below, the Court **OVERRULES** the Petitioner's objections and **ADOPTS** the R&R in full.

### I. BACKGROUND

Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying

the Petitioner's claims. For ease of review, the Court incorporates those facts herein. However, the Court has outlined the most relevant facts below.

On April 20, 2018, the United States District Court for the District of South Dakota, Western Division, sentenced the Petitioner to a total of 144 months of imprisonment for conspiracy and criminal contempt, in violation of 18 U.S.C. §§ 371 and 401(3).[1] The Petitioner is currently serving his sentence at FCI Butler Low in North Carolina. On July 29, 2020, when the Petitioner was housed at FCI Gilmer in West Virginia, he filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the conditions of his confinement in relation to the COVID-19 pandemic. ECF No. 1. The Petitioner avers that he should be released to home confinement for the remainder of his sentence pursuant to the Attorney General's March 26, 2020 memorandum to the Director of the Bureau of Prison ("BOP"), which directed the BOP to prioritize the use of home confinement for inmates at risk of complications from COVID-19.[2] Id. at 7. For relief, the Petitioner requests that the Court order the BOP to release him to home confinement. Id.

On January 4, 2021, the Petitioner filed a motion requesting a transfer to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). ECF No. 10. Because this Court did not have the authority to grant the Petitioner relief under the CARES Act, it construed the motion as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 11 & 13. On June 8, 2021, the Court denied the motion because the authority to grant compassionate

---

[1] See ECF No. 263 at 2 in Criminal Case Number 5:7-CR-50020-1 in the United States District Court for the District of South Dakota, Western Division, available on PACER.

[2] See Memorandum from the Attorney General on Prioritization of Home Confinement as Appropriate Response to COVID-19 Pandemic to Bureau of Prisons (Mar. 26, 2020), https://www.justice.gov/file/1262731/download.

2

release under 18 U.S.C. § 3582(c)(1)(A) resides with the sentencing court, not the court for the district where the petitioner is serving his sentence.[3]  ECF No. 21.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).

Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  However, the Court is not required to review objections to the magistrate judge's R&R that are not made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-

---

[3] On June 17, 2021, the Petitioner filed a Motion for Default Judgment, requesting that the Court direct the Clerk to enter a default judgment against the Respondent for failure to file a response to the Petitioner's motion for compassionate release. ECF No. 23.  However, the Court had previously entered an order denying the Petitioner's motion for compassionate release because it lacked the authority to grant relief under 18 U.S.C. § 3582(c)(1)(a).  ECF No. 21; see also ECF No. 456 in Case No. 5:17-CR-50020-1 (D.S.D. Aug. 17, 2020) (denying the Petitioner's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)).  Accordingly, the Court finds that the Petitioner's Motion [ECF No. 23] is **MOOT**.

recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service of Magistrate Judge Trumble's R&R on August 3, 2020. ECF No. 6. The district court clerk filed the Petitioner's objections on August 28, 2020. ECF No. 9. However, the envelope containing the Petitioner's objections was postmarked with the date August 10, 2020. See ECF No. 9-2. The Court finds that under the prison mailbox rule, the Petitioner timely filed his objections. See Houston v. Lack, 487 U.S. 266, 270–72 (1988) (holding that a pro se prisoner's legal document is deemed filed on the date the prisoner delivers it to prison mailroom authorities). Accordingly, this Court will review the portions of the R&R to which the Petitioner objects de novo and the remainder of the R&R for clear error.

### III. DISCUSSION

In his R&R, Magistrate Judge Trumble finds that (1) the Petitioner had a similar motion requesting a transfer to home confinement pending before his sentencing court,[4] and (2) the Petitioner failed to exhaust his administrative remedies without a showing of cause or prejudice. ECF No. 5 at 5–8. Accordingly, Magistrate Judge Trumble recommends that the Court dismiss the petition for lack of subject-matter jurisdiction. Id. at 7.

---

[4] On August 17, 2020, the sentencing court denied the Petitioner's motion for compassionate release, finding that the sentencing factors set forth in 18 U.S.C. § 3553(a) did not support a reduction in his sentence, even if it would include a condition of home confinement as part of supervised release. See ECF No. 456 in 5:17-CR-50020-1 (D.S.D. Aug. 17, 2020). On January 20, 2021, the Eighth Circuit Court of Appeals summarily affirmed the sentencing court's order. ECF No. 465 in 5:17-CR-50020-1 (D.S.D. Jan. 20, 2021).

4

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's findings. Rather, the objections reiterate and attempt to bolster the Petitioner's original filing, which were considered by the magistrate judge when he issued the R&R. For example, the Petitioner reiterates that the global COVID-19 pandemic should excuse his failure to exhaust administrative remedies [ECF No. 9 at 1], an argument that Magistrate Judge Trumble rejected in his R&R. As Magistrate Judge Trumble explained, the COVID-19 pandemic does not constitute a showing of cause or prejudice under Fourth Circuit precedent. ECF No. 5 at 7 (quoting McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004); see Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634–35 (2d Cir. 2001).

The Petitioner also points to the Attorney General's March 26, 2020 memorandum in support of his request for the Court to order the BOP to release him to home confinement. The Petitioner states that the memorandum orders the BOP to release "ALL non-violent inmates who met the criteria in the memorandum" to home confinement, and "ALL would include Robert Lytle." ECF No. 9 at 1. However, the memorandum "did not create judicial authority to grant home confinement." Cheek v. Warden of F. Med. Ctr., 835 F. App'x 737, 739 (5th Cir. 2020). In the memorandum, the Attorney General merely asserted that "for some eligible inmates, home confinement might be more effective in protecting their health" and provided a non-exhaustive list of discretionary factors for the BOP to consider in making this determination.[5]

---

[5] Memorandum from the Attorney General on Prioritization of Home Confinement as Appropriate Response to COVID-19 Pandemic to Bureau of Prisons (Mar. 26, 2020).

5

Having reviewed the R&R, the Petitioner's objections and the controlling law in this Circuit, the Court finds that the Petitioner has failed to refute the R&R's finding that this Court lacks jurisdiction to consider the petition. Accordingly, the Petitioner's objections are overruled.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Petitioner's Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. Furthermore, the Petitioner's Motion for Default Judgment [ECF No. 23] is **DISMISSED** as **MOOT**. This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the pro se Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** June 28, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE